## 21131

Martha S. ELLIOTT, Appellant, v. Kenneth F. ELLIOTT, Respondent.
(262 S. E. (2d) 413)

226

*William V. Josephs, Jr.,* Loris, *for appellant.*

*H. E. McCaskill,* Conway, *for respondent.*

January 21, 1980.

*Per Curiam:*

This appeal is taken from a Family Court Order denying appellant's petition for reimbursement of travel expenses incurred in securing medical treatment for the parties' minor child. Appellant sought relief under a provision of a separation agreement incorporated into a prior Family Court Order requiring the husband (respondent) to pay for "all medical and dental expense incurred and/or cover them under his medical policy on behalf of" the parties' minor children. The lower court denied relief on the basis that the parties did not intend for the term "medical expenses" as used in their separation agreement to include travel expenses. The sole issue presented on appeal is whether the term "medical expenses" includes travel expenses incurred going to and from the place of treatment.

Appellant argues that the term "medical expenses" as construed for tax purposes includes transportation expenses; and, by analogy, this definition should apply to domestic litigation. *Generally* see Internal Revenue Code Section 213. Respondent contends that the parties did not intend to include transportation expenses within the definition of the term "medical expenses" as used in their separation agreement. We decline to accept respondent's argument as the contractual nature of that agreement was, to some extent, lost when it was incorporated into the prior Family Court Order. *Jeanes v. Jeanes,* 255 S. C. 161, 177 S. E. (2d) 537 (1970). Likewise, we decline to adopt ap-

pellant's argument as we consider the tax definition of the term "medical expenses" too constrictive for use in domestic litigation.

However, we do believe that under appropriate circumstances a court of equity, such as the Family Court, should interpret the term "medical expenses" to include travel expenses.

■ Accordingly, we hold that for the purpose of domestic litigation the term "medical expenses" includes reasonable and necessary actual travel expenses where (1) the principal purpose of the travel is to receive medical treatment, and (2) the travel is of an extraordinary nature, such as travel away from the general area of the individual's home. Any determination of whether the foregoing requirements are met is clearly not subject to a precise mathematical formula and, therefore, must rest within the sound discretion of the trial judge.

■ In the instant case appellant testified that it is necessary for her to drive the parties' minor child to Charleston once a week for medical treatment. As the record before this Court is void of any indication whatsoever that the weekly trip to Charleston has a purpose other than medical treatment, appellant would then meet the requirement that the principal purpose of the travel is to receive medical treatment. Further, appellant testified that the round trip distance between her home and Charleston was 300 miles. We consider this to constitute travel of an extraordinary nature. Therefore, appellant is entitled to recover reasonable and necessary actual expenses incurred during the weekly trips to Charleston.

Accordingly, the Order of the lower court is reversed and this matter is remanded for proceedings consistent with this opinion.